# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0322V
### Filed: July 6, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| BEATRICE THOMURE, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Influenza ("flu") vaccine; Shoulder Injury |
| v. | * | Related to Vaccine Administration |
| | * | ("SIRVA"); Special Processing Unit |
| | * | ("SPU") |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Lauren Faga, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Alexis Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On March 30, 2015, Beatrice Thomure filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an influenza ("flu") vaccination on October 1, 2013, petitioner suffered a brachial plexus injury. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On July 6, 2015, respondent filed her Rule 4(c) Report ["Res. Report"], in which she concedes that petitioner is entitled to compensation in this case. Resp. Report at 3. Respondent disagrees that petitioner suffered a vaccine-related "brachial plexus" injury;

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

however, she has concluded, based on the preponderance of the medical evidence, that petitioner suffered a Shoulder Injury Related to Vaccine Administration ["SIRVA"] and should receive compensation for that injury. *Id.* Respondent's concession is limited to SIRVA and appropriate sequelae. *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master